# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50457
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO ANTONIO RODRIGUEZ-JIMENEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2476

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Roberto Antonio Rodriguez-Jimenez (Rodriguez) appeals the 46-month sentence he received after pleading guilty to being unlawfully present in the United States after deportation. He contends that the district court committed plain error by imposing a 16-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on a determination that Rodriguez's prior Pennsylvania conviction for manufacture/deliver/possess with intent to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50457

manufacture or deliver cocaine qualified as a felony drug trafficking offense. Rodriguez asserts that his offense is broader than the standard definition of a "drug trafficking offense" because he may have been convicted of "delivery," which, he contends, "includes offers to sell." In lieu of a response brief, the Government moved for summary affirmance, asserting that Rodriguez is not entitled to relief on his allegations. Rodriguez filed no response to the motion for summary affirmance.

Contrary to Rodriguez's assertion, the Pennsylvania offense of "delivery" of a controlled substance does not include offers to sell. *See* 35 PA. CONS. STAT. ANN. § 780-102(b). Moreover, the Sentencing Commission has amended the definition of a "drug trafficking offense" to include offers to sell controlled substances. *See* § 2L1.2, comment. (n.1(B)(iv)). Rodriguez's sole argument on appeal, then, is unavailing. Accordingly, we pretermit the Government's motion for summary affirmance, and AFFIRM the judgment of the district court.